## POPE v. JONES' EXECUTORS.

Court of Common Pleas. Kent. July 28, 1796 (Adjourned).

*Bayard's Notebook, 142.**

*Fisher* and *Bayard* for the defendants moved the Court for their direction to the jury that the Act of Limitations upon the plaintiff's own showing was a peremptory bar to his claim. They said the same thing had been done last term in New Castle County.

The motion was opposed by *Ridgely* for the plaintiff.

JOHNS, J., read a note of the case alluded to in New Castle County, *Dun v. Norris.* The last item in the plaintiff's account was the 9 February, 1776. The Court directed the jury that the Act of Limitations was a flat bar, as no evidence was offered to take the case out of the Act.[1]

Opinion of the Court. BASSETT, C. J. The Act of Limitations is binding upon the court and jury, though they are satisfied that the claim exists. If a claim is not pursued in a court of jus-

---

* This case is also reported in *Clayton's Notebook, 17.* Clayton's headnote is used here.

[1] At this point, *Bayard's Notebook, 142,* the account of this case is interrupted; it is resumed at *251.*

tice within the time the law prescribes, the remedy at law is lost, and none remains but the conscience of the debtor. This is not a new application and even if it were the Court would not doubt as to their conduct. The Act of Limitations is a wholesome law, and it is the duty of both court and jury to see the law executed. There is certainly a hardship where we have a moral certainty that the claim exists. But [it] is the importance of adhering to the rule (which obliges parties to be diligent in prosecuting their rights and which shuts out numberless frauds so difficult from the loss and waste of papers and death of witnesses after a length of time to be detected) which has induced the Court to attend to the execution of this law. As no evidence is offered to take this case out of the Act, we must direct the jury that the plaintiff's claim upon the ground of his own evidence is barred, and, of course, defendants entitled to their verdict.

Jury gave a verdict for defendants without leaving the box.